```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    2:07-CV-02015-LEW-DAD
                                   )
12            Plaintiff,           )
                                   )    JOINT STATUS REPORT
13       v.                        )    AND REQUEST FOR STAY AND
                                   )    ORDER
14  REAL PROPERTY LOCATED AT       )
    23082 SAINT HELENA DRIVE,      )
15  PENN VALLEY, CALIFORNIA,       )
    NEVADA COUNTY, APN: 02-530-21, )
16  INCLUDING ALL APPURTENANCES    )
    AND IMPROVEMENTS THERETO,      )    DATE:
17                                 )    TIME:
              Defendant.           )    COURTROOM:
18  _____ )
```

19        Pursuant to this Court's Order of October 2, 2007, the

20  parties submit the following Joint Status (Pretrial Scheduling)

21  Report:

22        **A.    THE NATURE OF THE CASE:**

23        Plaintiff seeks to forfeit the defendant property under 21

24  U.S.C. § 881(a)(7) on the theory that the defendant real property

25  was used to facilitate a drug transaction, i.e., it was used to

26  cultivate marijuana in violation of 21 U.S.C. § 841(a)(1) et seq.

27        **B.    PROGRESS IN THE SERVICE OF PROCESS:**

28        Jared and Carly Painter (hereafter "claimants"), the owners

                                 1

of the defendant property, were served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, and Court Notices by certified mail on November 15, 2007.  Claimants have filed a claim to the property and an Answer to the Verified Complaint for Forfeiture In Rem.

**C.    POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

None.

**D.    ANY EXPECTED OR DESIRED AMENDMENT OF PLEADING:**

None.

**E.    JURISDICTION AND VENUE:**

This Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

**F.    ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

As explained below, the parties request that this matter be stayed for six months.  Accordingly, the parties request that this case not be scheduled at this time.

Pursuant to 18 U.S.C. §§ 981(g)(1), (g)(2), and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary.  The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (cultivation of marijuana) and is therefore forfeitable to the United States.  Claimant Jared Painter is currently being prosecuted in Nevada County Superior Court in connection with the marijuana discovered on the defendant property.

To prosecute this civil in rem forfeiture action, the United States intends to depose the claimants Jared and Carly Painter about the claims they filed in this case and the facts

2

1 surrounding the cultivation of marijuana plants on this property.

2 If discovery proceeds, claimants would be placed in the difficult

3 position of either invoking their Fifth Amendment right against

4 self-incrimination and losing the ability to protect their

5 alleged interest in the defendant property, or waiving their

6 Fifth Amendment rights and submitting to depositions and

7 potentially incriminating themselves in the pending criminal

8 matter.  If claimants invoke their Fifth Amendment rights, the

9 United States will be deprived of the ability to explore the

10 factual basis for the claims they filed in this action and the

11 defenses raised in their Answers.

12      In addition, claimants intend to depose state and federal

13 law enforcement officers who were involved in the execution of a

14 federal search warrant at the defendant property.  Allowing

15 depositions of these officers would adversely affect the ability

16 of the Nevada County prosecutors to conduct its related criminal

17 investigation and prosecution.

18      Accordingly, the parties contend that proceeding with this

19 action at this time has potential adverse affects on the

20 investigation and prosecution of the related criminal case and/or

21 upon claimants' ability to prove their claim to the property and

22 to contest the government's allegations that the property is

23 forfeitable.  For these reasons, the parties request that the

24 matter be stayed for a period of six months.  At that time the

25 government will advise the Court whether a further stay is

26 necessary.

27 //

28 //

3

**G.   ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF, INCLUDING:**

     (1)  what changes, if any, should be made in the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

     (2)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

     (3)  what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

     (4)  the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);

In light of the requested stay the parties do not intend to conduct discovery at this time.

**H.   FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF PRETRIAL AND TRIAL:**

In light of the requested stay the parties request that this case not be fully scheduled at this time.

**I.   APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

**J.   ESTIMATE OF TRIAL TIME:**

The parties estimate three trial days for a trial.

**K.   MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

None.

//

4

**L.   WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTERS IN BANKRUPTCY:**

The parties are not aware of any related case.

**M.   WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

The parties do not believe a settlement conference is appropriate in this case.

**N.   ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER:**

None.

Date: January 17, 2008

                        McGREGOR SCOTT
                        United States Attorney


                    By   /s Kristin S. Door
                        KRISTIN S. DOOR
                        Assistant U.S. Attorney



Date: January 14, 2008   _____
                        BRENDA GRANTLAND
                        Attorney for claimants
                        Jared and Carly Painter

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. § 881(i) until July 15, 2008.  On or before July 15, 2008, the parties will advise the court of the status of the related investigation and whether a further stay is necessary.

IT IS SO ORDERED.

Dated: January 17, 2008      /s/ Ronald S. W. Lew
                        RONALD S.W. LEW
                        U.S. District Judge
                        United States District Court

5