McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT<br>23082 SAINT HELENA DRIVE,<br>PENN VALLEY, CALIFORNIA,<br>NEVADA COUNTY, APN: 02-530-21,<br>INCLUDING ALL APPURTENANCES<br>AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:07-CV-02015-JAM-DAD<br><br>JOINT STATUS REPORT<br>AND REQUEST TO EXTEND<br>STAY AND ORDER<br><br>DATE:　　N/A<br>TIME:　　N/A<br>COURTROOM:N/A |

Pursuant to this Judge Lew's Order of January 17, 2008, the parties submit the following Joint Status (Pretrial Scheduling) Report:

**A.　THE NATURE OF THE CASE:**

Plaintiff seeks to forfeit the defendant property under 21 U.S.C. § 881(a)(7) on the theory that the defendant real property was used to facilitate a drug transaction, i.e., it was used to cultivate marijuana in violation of 21 U.S.C. § 841(a)(1) et seq.

**B.　PROGRESS IN THE SERVICE OF PROCESS:**

Jared and Carly Painter (hereafter "claimants"), the owners

1

of the defendant property, were served with the Complaint for Forfeiture <u>In</u> <u>Rem</u>, Notice of Complaint, Application and Order for Publication, and Court Notices by certified mail on November 15, 2007.  Claimants have filed a claim to the property and an Answer to the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>.

**C.     POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

None.

**D.     ANY EXPECTED OR DESIRED AMENDMENT OF PLEADING:**

None.

**E.     JURISDICTION AND VENUE:**

This Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

**F.     ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

As explained below, the parties request that this matter be stayed for an additional 60 days.  Accordingly, the parties request that this case not be scheduled at this time.

Pursuant to 18 U.S.C. §§ 981(g)(1), (g)(2), and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary.  The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (cultivation of marijuana) and is therefore forfeitable to the United States.  Claimant Jared Painter was prosecuted in Nevada County Superior Court in connection with the marijuana discovered on the defendant property. Counsel are informed that claimant Jared Painter has pled guilty to drug charges and that his current sentencing date of July 21, 2008, is to be continued due to the unavailability of his defense counsel.

To prosecute this civil <u>in</u> <u>rem</u> forfeiture action, the United

2

States intends to depose the claimants Jared and Carly Painter about the claims they filed in this case and the facts surrounding the cultivation of marijuana plants on this property. If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their alleged interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the pending criminal matter.  If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

In addition, claimants intend to depose state and federal law enforcement officers who were involved in the execution of a federal search warrant at the defendant property.  Allowing depositions of these officers would adversely affect the ability of the Nevada County prosecutors to conduct its related criminal investigation and prosecution.

Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the investigation and prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that the matter be stayed for an additional 60 days to allow time for Jared Painter to be sentenced.  Once Painter is sentenced the parties will submit a scheduling order.

**G.   ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF, INCLUDING:**

    (1)  what changes, if any, should be made in the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

    (2)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

    (3)  what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

    (4)  the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);

In light of the requested stay the parties do not intend to conduct discovery at this time.

**H.   FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF PRETRIAL AND TRIAL:**

In light of the requested stay the parties request that this case not be fully scheduled at this time.

**I.   APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

**J.   ESTIMATE OF TRIAL TIME:**

The parties estimate three trial days for a trial.

**K.   MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

None.

//

**L.   WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTERS IN BANKRUPTCY:**

The parties are not aware of any related case.

**M.   WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

The parties do not believe a settlement conference is appropriate in this case.

**N.   ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER:**

None.

Date: July 15, 2008

          McGREGOR SCOTT
          United States Attorney

          By   /s Kristin S. Door
              KRISTIN S. DOOR
              Assistant U.S. Attorney

Date: July 15, 2008   _____
          BRENDA GRANTLAND
          Attorney for claimants
          Jared and Carly Painter

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. § 881(i) until September 15, 2008. On or before September 15, 2008, the parties will advise the court of the status of the related prosecution and whether a further stay is necessary.

IT IS SO ORDERED.

Dated: July 15, 2008
          /s/ John A. Mendez
          HON. JOHN A. MENDEZ
          U.S. District Judge
          United States District Court